In the Matter of the Application of MENDOZA FUR DYEING WORKS, INC., Petitioner, for a Certiorari Order against FRANK J. TAYLOR, Comptroller of the City of New York, Respondent.

First Department, May 1, 1936.

*George J. Beldock* of counsel [*Lawrence Bloomgarden* with him on the brief], for the petitioner.

*Meyer Bernstein* of counsel [*Oscar S. Cox* and *Frank J. Derrick* with him on the brief; *Paul Windels, Corporation Counsel*, attorney], for the respondent.

*George E. Netter* of counsel [*A. Joseph Geist* and *Isaac Katz* with him on the brief; *Burnstine, Geist & Netter*, attorneys], for Great Northern Fur Dyeing Corp. and Joseph H. Lowenstein & Sons, Inc., *amici curiæ*.

*Aaron E. Koota*, for Empire Color & Chemical Co., Inc., *amicus curiæ*.

McAvoy, J. Petitioner is engaged in the business of fur dyeing, and employs chemicals in said business. He has been taxed on a purchase of dyestuffs under the city sales tax. Although that sales tax is imposed upon purchasers, responsibility for collection thereof rests upon the vendor, who is personally liable for the tax if he fails to collect it from his vendee.

The sales tax act (§ 2, subd. [a]) imposes a tax of two per cent upon the amount of the receipts from every sale within the city of New York of " tangible personal property sold at retail." Section 1 defines tangible personal property as corporeal personal property and a sale at retail as " a sale to a customer, or to any person for any purpose other than for resale in the form of tangible personal property."

The dyers receive skins or raw materials in a natural or unfinished state, subject them to a chemical process, thus rendering them merchantable and return them in the finished or dyed state to the various owners thereof.

Section 11, subdivision (a), of Local Law No. 24 empowers the comptroller of New York city to " make, adopt and amend rules and regulations appropriate to the carrying out of this local law and the purposes thereof." Pursuant thereto the comptroller promulgated rules and regulations, article 34 of which declares the purchase, by a dyer, of chemicals utilized by him in the process of dyeing, to be taxable.

The petitioner asserts that the sale of chemicals to a dyer, who employs them in the process of dyeing materials owned by other persons is one for the purpose of resale within the spirit and reason of Local Law No. 24, and is not taxable.

Prior to dyeing, the material is colorless; after the application of the dyes, it has acquired a hue or color. Consequently the chemicals maintain their tangible character after the completion of the dyeing process and the material is delivered to the owner. This, because the chemicals are then perceptible to the sense of sight, and property is tangible or corporeal when it is cognizable by the senses.

If the dyer is to be deemed the ultimate consumer of the chemicals and dyestuffs employed by him, then the sale is taxable. If he is not the ultimate consumer, then the dyes and chemicals are resold by him to the person whose unfinished material he has processed, and are not taxable.

The comptroller has recognized the sale to bookbinders of materials to be used in their service to the publisher as not being taxable. (Rules and Regulations, art. 72.) There is no reasonable distinction between the sale to the bookbinder of material for resale and similar sale to the dyer for resale. If sales of material to the one are exempt from tax, on a parity of reasoning, chemicals and dyes sold to the dyer should be exempt. Likewise the sales to a manufacturer of furs of dyestuffs to be used in a garment are exempt under the comptroller's regulations. This is discriminatory and not to be considered as permitted by the statute.

It is obvious that, if the comptroller's determination is confirmed, a double tax would result; the *first*, paid by the dyer on the sale of the chemicals to him; the *second*, by the ultimate consumer on the purchase of material or skins which were dyed and in which process the said chemicals were utilized.

In Cooley on Taxation (4th ed.), at section 241, the learned author writes: " Obnoxious double taxation may consist in requiring a double contribution to the same tax on account of the same property, even though the assessments are to different persons." A construction allowing such a double tax should be avoided.

The order of certiorari should be sustained, the determination of the respondent annulled and the respondent directed to refund the tax imposed, with fifty dollars costs and disbursements to the petitioner.

MARTIN, P. J., O'MALLEY, UNTERMYER and DORE, JJ., concur.

Order of certiorari unanimously sustained, the determination of the respondent annulled and the respondent directed to refund the tax imposed, with fifty dollars costs and disbursements to the petitioner. Settle order on notice.